James P. Harney, et al., Plaintiffs-Appellants, v. William E. Cahill, Earl E. Strayhorn, and Reginald DuBois, Members of and Constituting the Civil Service Commission of the City of Chicago, Benjamin C. Willis, General Superintendent of Schools, Board of Education of the City of Chicago, and Roy C. Palmer, et al., Defendants-Appellees and Intervening Defendants-Appellees.

Gen. No. 49,257.

First District, Third Division.

March 11, 1965.

1

Michael F. Ryan and Richard F. McPartlin, of Chicago, for appellants.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for Civil Service Commissioners of the City of Chicago, appellees, James W. Coffey, of Chicago (John T. Mehigan and Richard E. Girard, of counsel), for Board of Education of the City of Chicago and Benjamin C. Willis, General Superintendent of Schools, defendants-appellees, Duffy and Connell, of Chicago (Eugene F. Connell, of counsel), for intervening defendants-appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an action for declaratory judgment brought to secure a declaration of rights concerning the legality of promotional and original examinations held contemporaneously for the position of Engineer Custodian II in the Board of Education of Chicago. The case was tried before the trial court, without a jury, and the court entered an order finding the issues in favor of the defendants and intervening petitioners, and against the plaintiffs. This appeal is taken from said order.

In support of their appeal, plaintiffs contend that (1) the Civil Service Commission violated its rules by adding ten gratuitous points to the mark for correct answers received by the applicants in the written portion of the examinations for Engineer Custodian II; (2) that the candidates in the promotional examination, including the plaintiffs, were not marked on the

3

basis of 100 in the efficiency portion of the examination as required by the rules of the Civil Service Commission, and (3) that the Civil Service Commission violated its rules by holding the original examination at the same time as the promotional examination.

The defendants and intervening petitioners filed a motion in this court to dismiss the appeal by reason of lack of jurisdiction in that the questions and issues presented are now moot and abstract. The motion was taken by this court and the defendants and intervening petitioners have in their briefs again asserted this point.

The facts are these: On August 14, 1961, Benjamin C. Willis, General Superintendent of Schools, requested the Chicago Civil Service Commission to call an original and promotional examination for Engineer Custodian II. On September 20, 1961, the Civil Service Commission issued Examination Announcement No. 442, for a Promotional Examination for Engineer Custodian II, advising that the examination would be held November 4, 1961, and that the scope of the examination would be Duties 60%, Efficiency 30%, Seniority 10%. It indicated as eligible for promotion all persons employed as school firemen (Board of Education), who had served the required probationary period of six months. It also announced an Original Entrance Examination for Engineer Custodian II, to be held on the same date, with the scope of examination being Duties 60% and Education and Experience 40%, and it set forth a summary of the duties of the position in question. The announcement further indicated that a stationary engineer's license was required.

Both the original and promotional written examinations were held at the same time at the Wells High School, but in different rooms. The written examinations consisted of 100 multiple choice questions, and the candidate would place a pencil mark before one of

4

four suggested answers. The answer sheet was marked in an IBM scoring machine, in which a scoring mark was placed over the answer sheet and the correct answers electronically recorded.

After the answers were scored, and before the identities of the candidates were known, it was determined by Mr. Charles Pounian, personnel officer for the Chicago Civil Service Commission, that there would be insufficient candidates attaining a general average of 70 in the examination as a whole to meet the requirements of the Board of Education. Taking into consideration the distribution and range of scores in the written examination, an estimated average efficiency and seniority mark, the difficulty of the questions, the personnel requirements of the Board of Education, and the fact that there was no set or absolute passing grade for the written portion of the examination, Mr. Pounian decided that by adding 10 points to the raw scores of all candidates there would be a sufficient number of qualified candidates attaining the general average of 70 in the examination taken as a whole to meet the requirements of the board, and he made a recommendation to the commission accordingly. On January 10, 1962, the Civil Service Commission entered an order in its minutes, as follows:

"ORDERED, that in the examination for ENGINEER CUSTODIAN II, #6602, Promotional, Grade PR, held November 4, 1961, the subject duties be scored as follows: 10 points to be added to the total number of correct answers.

"ORDERED, that in the examination for ENGINEER CUSTODIAN II, #6603, Original, Grade PR, held on November 4, 1961, the subject duties be scored as follows: 10 points to be added to the total number of correct answers."

5

The examinations were marked as follows:

The efficiency portion of the promotional examination was marked according to the efficiency markings submitted to the Civil Service Commission by the Board of Education for the six month period from January 1, 1961, to June 30, 1961. Monthly efficiency sheets were made out by the Engineer Custodians on forms supplied by the Bureau of Plant Engineering, and these forms were submitted to the Director of Plant Engineering. In addition, a civil service performance rating was filled out for the six month period on each of the five traits referred to in the Civil Service Commission Performance Rating Guide. Each of the plaintiffs received a grade of 85, which was the highest grade given for efficiency. An example as to plaintiff Motkowicz is shown below:

| "Trait | Grade |
|---|---|
| Quality of Work | 85 |
| Quantity of Work | 85 |
| Dependability | 85 |
| Personal Relationships | 85 |
| Attendance and promptness | 85 |
| Total | 425 |

Divide the above total by 5. THE FINAL GRADE IS 85"

The seniority portion of the promotional examination was marked pursuant to section 3 of Rule V of the Rules of the Civil Service Commission. The duties portion was identical for both the original and promotional examination and was made up of 100 multiple choice questions. In scoring the duties portion of both examinations, 10 points were added to the raw scores achieved by all candidates. The education and work experience portion of the original examina-

6

tion was marked according to a standard extablished by the Civil Service Commission. This standard provided for a maximum of 100 points on this subject, based upon degree of education, experience, and ownership of a stationary engineer's license.

The final averages of candidates in both the original and promotional examinations were determined by multiplying the markings given in each subject by the weight assigned thereto; the products thus attained were added and the resulting sum was divided by the sum of the weights. The method of computing the final average is shown by the following illustrations, the first containing a breakdown of the marks received by Charles T. Riggs, No. 1 on the promotional list, and the second containing a breakdown of the marks received by James T. Foster, one of the candidates in the original examination:

Illustration I (Promotional)

| "Subject | Average | Weight | Product |
|---|---|---|---|
| Multiple choice | 81 | 6 | 486 |
| Efficiency | 85 | 3 | 255 |
| Seniority | 76 | 1 | 76 |
| Total | | 10 | 817 |
| General Average | | | 81.70" |

Illustration II (Original)

| "Subject | Average | Weight | Product |
|---|---|---|---|
| Experience | 100 | 4 | 400 |
| Multiple Choice | 76 | 6 | 456 |
| Total | | 10 | 856 |
| General Average | | | 85.60" |

7

All of the plaintiffs elected to take the examination as promotional candidates, and all of the plaintiffs failed to attain the general passing average of 70 in the examination taken as a whole either before or after the ten points were added to their scores attained in the written examination.

On April 4, 1962, the eligible lists for both the promotional and original examinations were posted by the commission.

Not finding his name on the list, the plaintiff, Harney, inquired as to his marks at the offices of the civil service commission and was advised that all candidates had been given an additional ten points in the written portion of the examination, and that if he had been marked on the basis of the original examination he would have passed. The evidence shows that five School Firemen who took the promotional examination for Engineer Custodian II were subsequently found not to have completed their six months' probationary period and, accordingly, they were marked on the basis of the scoring method employed in the original examination, and all of said persons passed and were placed on the original eligible list.

The record shows that 271 candidates took the promotional examination for Engineer Custodian II, and that without the 10 additional points in the duties portion only 38 would have passed this examination. The record further shows that 221 persons took the original examination, and that without the 10 additional points only 64 would have passed this examination. The eligible lists as actually posted contained 143 names on each the promotional and original eligible registers.

On August 9, 1962, prior to the filing of the action herein, ten persons were certified and appointed from the promotional register to the position of Engineer Custodian II. After the entry of the trial court's judg-

ment in favor of the intervenors and defendants, the Civil Service Commission certified and the Board of Education appointed the remaining 133 persons on the promotional register to the position of Engineer Custodian II. The promotional register being exhausted, 47 additional persons were certified and appointed to the position from the register of original candidates. The vacancies thus created in the position of School Fireman, the next lower rank to that of Engineer Custodian II, were subsequently filled by persons certified from the School Fireman eligible list. At present the promotional register is exhausted and no longer exists. All vacancies in the position of Engineer Custodian II have been filled, and all vacancies in the position of School Fireman have been filled.

As stated above, the defendants and intervenors have made a motion to dismiss the appeal on the grounds that the action is moot or abstract, which motion was taken with the case. The court will first discuss this point. Our reason for so doing is that it is well settled that the existence of an actual controversy is an essential requisite to appellate jurisdiction. Lesher v. Lesher, 250 Ill 382, 95 NE 483; People v. Redlich, 402 Ill 270, 83 NE2d 736. It has been pointed out in Chicago City Bank & Trust Co. v. Board of Education of Chicago, 386 Ill 508, 54 NE2d 498, that a moot question is one that existed, but, because of the happening of certain events, has ceased to exist and no longer presents an actual controversy over interest or rights of the parties. An abstract question is one in existence, but for which no effectual relief can be granted.

In Mills v. Green, 159 US 651, the court said: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or

to declare principles or rules of law which cannot affect the matter in issue in the case before it."

The intervenors in this case are the successful candidates in the promotional examination for the position of Engineer Custodian II, who have already been certified to such positions by the Civil Service Commission and have been appointed to such positions by the Board of Education. The intervenors contend that the questions before the trial court have been rendered abstract by reason of the events following the entry of final judgment, and that the situation is now such that a reversal and judgment in favor of the plaintiffs could not be carried into effect.

The action herein was brought by unsuccessful promotional candidates seeking to have the trial court declare invalid the examinations given by the civil service commission for original and promotional candidates for the position of Engineer Custodian II. The trial court entered a temporary injunction prohibiting the commission and Board of Education from taking any steps to certify and appoint the successful candidates whose names appeared on either the original or promotional registers resulting from the examination. At the conclusion of the trial the temporary injunction was dissolved and judgment was entered in favor of the intervenors, the candidates whose names appeared upon the eligible register and the defendants.

After the entry of the final judgment, the commission and board, having been relieved of the effect of the temporary injunction, and due to the urgency to fill the positions in the rank of Engineer Custodian II, certified all the persons whose names appeared on the promotional eligible register, and 47 persons whose names appeared on the register of original candidates. At present the promotional register is exhausted

and all vacancies in the position of School Fireman and Engineer Custodian II have been filed.

█ It is plaintiffs' contention that if the promotional examination is held to be invalid, and all those who were certified from the eligible list as a result of that examination to the position of Engineer Custodian II be removed and a new examination held for that position, they might pass such examination, and if they were successful they would be certified much sooner with existing vacancies in that position than were they to call for a new promotional examination and then have to wait for vacancies in the event they were successful in the next examination. The plaintiffs, as has been pointed out, failed in the examination which is in dispute even after having received the gratuitous 10 points on the written portion of the examination. Their standing as plaintiffs in this action is based entirely upon a speculation that even though they failed to pass the instant examination after having received 10 gratuitous points on the written portion, they might on another examination pass and therefore fill one of the vacancies which would be created by the removal of those persons who have been certified from the eligible list. Such speculation is not a legal interest which would induce this court to decide the case on the merits.

Additionally, plaintiffs' names appear on no eligible list. In Atkinson v. Board of Education of Chicago, 44 Ill App2d 92, 194 NE2d 8, the plaintiffs were seeking an adjudication that the defendants had improperly employed temporary appointees in positions for which there was a civil service eligible list. The court on page 103 said:

"The record shows that plaintiffs are school clerks occupying civil service positions; that none is on the civil service school clerk eligible list

11

awaiting appointment to any vacancy and that no person on such an eligible list is a party to this suit. There is no actual controversy between any party to this suit and the defendants. None of the plaintiffs has been injured in any way."

The plaintiffs not having a legal interest to adjudicate and not being on any eligible list for Engineer Custodian II have no standing to bring this declaratory judgment proceeding.

■ Further, addressing ourselves to specific points, plaintiffs have no standing to argue that they were not marked on the basis of 100 for the efficiency factor of the examination. The examination was competitive as required by Section 10–1–7 of the Municipal Code of 1961 (Ill Rev Stats 1961, c 24, § 10–1–7), and since plaintiffs themselves received the highest marks given in this category, they have shown no injury. Also, the Director of Plant Engineering of the Board of Education, who had the legal responsibility for marking efficiency, testified that the marks for efficiency were based upon a scale of 100. At best there was contradictory testimony before the trial court, and the trial court's decision cannot be disturbed in regard thereto.

■ Plaintiffs also have no standing to argue about the giving of the promotional and original examinations on the same day. In the case of People ex rel. Killeen v. Geary, 317 Ill App 463, 47 NE2d 102, there were two plaintiffs, one of whom took an examination as an original candidate and the other who took it as a promotional candidate. The one who took the examination as an original candidate was also eligible to take it as a promotional candidate. Both failed. It was the contention of the plaintiffs in that case that the giving of an original and a promotional examination at the same time was improper, and they

prayed that the commission be ordered to cancel the eligible lists resulting from the examinations and to give a new promotional examination. The court in denying relief to the plaintiffs said at page 470:

"Plaintiff, Gertrude L. Killeen, was given an opportunity to take the promotional examination but she saw fit not to do so and we think she ought not now complain and say that another promotional examination be held, and with greater reason, we think should Leda Speizer not be permitted to complain because she took the promotional examination and failed to pass."

The plaintiffs in the instant case likewise elected to take the promotional examination and failed to pass and cannot therefore complain. Also, it has been held that the giving of contemporaneous promotional and original examinations for a civil service position does not violate the rules. People ex rel. Killeen v. Geary, supra; People ex rel. Cibic v. Geary, 318 Ill App 231, 47 NE2d 536.

██ Even assuming that the plaintiffs had standing to bring this action, the intervenors are correct when they state that since all of the vacancies in the classification Engineer Custodian II have been filled, the legal questions involved in this appeal are abstract.

Considering the relief which might be granted, if such relief were to be based on the alleged impropriety of adding ten points to the raw scores achieved by the candidates in the written portion of the examination, the order would be to recast the general averages on the basis of the raw scores or to void the results of the examination in toto and to give a new examination. If the order were to recast the general averages on the basis of the raw scores then 105 of the men who were promoted to the position of Engineer Cus-

13

todian II would necessarily have to be demoted or dismissed. This would follow because the raw scores achieved by these men in the written examination together with their other marks would yield a general average of less than 70. If there were 105 demotions, then 105 persons who were regularly appointed to the job of School Fireman to fill the vacancies created by the prior promotions would have to be discharged in order to create vacancies for those being demoted.

Those persons whose names were placed on the eligible lists because they received ten gratuitous points are blameless in this situation. Similarly, those who were appointed to fill the vacancies created in the position of School Fireman by promotions are free from fault. If the intervenors here were to be dismissed because of the manner in which the examinations were held by the civil service commission, they would be unemployed through no fault of their own other than that they took a civil service examination for Engineer Custodian II and the commission certified them as successful candidates to the Board of Education. If the intervenors were to be demoted, then those who had accepted apparently regular appointments to the position of School Fireman would have to be dismissed without cause.

The intervenors argue that we are powerless to grant any relief which would include the dismissal or demotion of persons certified to the Board of Education as qualified either for the position of Engineer Custodian II or School Fireman. In support of this argument, the intervenors cite People ex rel. Hurley v. Graber, 405 Ill 331, 90 NE2d 763, wherein it was said on page 344:

"In accepting the certifications upon which they were appointed to their present positions, the plaintiffs were permanently separated from the

14

positions formerly held by them. They could not be demoted to their former positions, not only because they had been permanently separated therefrom, in accordance with section 2 of rule IV of the commission, but for the additional reason that their former positions had been filled and occupied by others."

Similarly, in the present case the intervenors cannot be demoted because they have been permanently separated from their former positions and such positions have been filled and occupied by others. Further, on page 343 of the Graber decision, the court said:

"The City Civil Service Act contains no provision granting power to the civil service commission to reconsider an appointment or to demote for cause after the employment or appointment is completed, as here, by the act of the commissioner of police in making an appointment upon certification by the commission of the applicants having the highest grading or rating. The city civil service commission exercises a limited or statutory jurisdiction, no presumption of jurisdiction obtains in its favor, and it must find in the statute its warrant for any authority claimed. (Citing cases.)"

The court in support of the above statement cited Section 12 of "An Act to regulate the civil service of cities." (Ill Rev Stats 1949, c 24½, par 51.) Said section was substantially re-enacted as section 10-1-18 of the Municipal Code of 1961 (Ill Rev Stats 1961, c 24, § 10-1-18) which reads in pertinent part:

"Except as hereinafter provided in this section, no officer or employee in the classified civil service of any municipality who is appointed under

15

the rules and after examination, shall be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense."

None of the exceptions mentioned in this section is applicable to the instant case and, since no wrong can be attributed to those who would be demoted or dismissed, it could not be said that such demotions or dismissals would be for cause. Since neither the School Board nor the Civil Service Commission can legally demote or dismiss any of the successful candidates who were certified to positions by the commission and appointed to such positions by the board, this court will not require them, particularly in a case where plaintiffs have no standing, to do that which they are enjoined from doing by statute.

Regarding plaintiffs' second and third points, the above argument applies with equal force. Regardless of the wrong alleged, since all of the vacancies in the categories of Engineer Custodian II and School Fireman have been filled, the only effective relief which might be granted would necessarily include the demotion or dismissal of regularly appointed civil service employees.

██ There is no reason for us to order a new promotional examination without removing anyone from their civil service positions, as the plaintiffs themselves possess such power. Section 2 of the commission Rule V provides in part, "Promotion examinations shall be held when the next lower rank, whether in the same or a lower grade, as determined by the commission, contains two or more eligible persons desirous of taking examination." It is the legal duty of the commission to hold an examination where two or more eligibles in the next lower rank desire to take

a promotional examination. People v. Finn, 238 Ill App 17; People ex rel. Williams v. Errant, 229 Ill 56, 82 NE 271.

Since this case is not being decided on the merits, this opinion is not to be construed as approving or disapproving the manner in which the examination involved herein was conducted.

This case is abstract, and since the plaintiffs have no standing to bring this action, the appeal is dismissed.

Appeal dismissed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.