Interlake Iron Corporation, a Corporation, Plaintiff-Appellant, v. Dravo Corporation, a Corporation, and Aetna Casualty & Surety Company, a Corporation, Defendants-Appellees.

Gen. No. 65–38.

Second District.

March 18, 1966.

Peterson, Lowry, Rall, Barber & Ross, and Kenneth A. Knutson, all of Chicago, for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellees.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

This case has followed a long and tortuous path.

In May of 1959, the plaintiff, Interlake Iron Corporation, and the defendant, Dravo Corporation (hereinafter referred to as Dravo), entered into a written agreement wherein Dravo undertook certain construction for the plaintiff and agreed to hold it harmless from all losses, damages, injuries and deaths arising out of the construction work. Dravo also agreed to procure and keep in effect comprehensive liability insurance including contractual liability protection covering the agreement. Subsequently, Dravo procured an insurance policy in the amount of $1,000,000 from the defendant, Aetna Casualty & Surety Company (hereinafter referred to as Aetna).

The complaint alleges that five separate law suits have been filed for injuries or death arising out of the work covered by the construction contract.

This is not the first litigation relative to declaratory judgment relief. In 1962, the plaintiff commenced a declaratory judgment action in the Superior Court of Cook County against the same defendants. That action was subsequently dismissed pursuant to defendants' motion, with prejudice, but, however, with the notation that the plaintiff was not precluded from pursuing such other relief it may be entitled to in other pending litigation. No appeal was taken from this order.

In 1963, the same plaintiff filed a declaratory judgment action against Dravo in the United States District Court for the Northern District of Illinois, Eastern Division. This time Aetna was not joined but the same issues were raised. The Federal Court dismissed the second action pursuant to Dravo's motion "without prejudice with regard to any claim for relief as asserted in Complaint."

168

In 1964, this action for declaratory judgment was filed in the Circuit Court of DuPage County. Parties were the same as in the first action and the same issues were raised. The trial court dismissed plaintiff's complaint, whereupon the plaintiff filed a motion to amend by adding a count for breach of contract. The trial court denied the motion to amend and this appeal followed charging an abuse of discretion in dismissing the original complaint, and a further abuse in denying the motion to amend.

■■ The good purpose of the Declaratory Judgment Act is clear. The Act was passed to provide expedient relief and to prohibit a multiplicity of suits. It was not designed to supplant existing remedies. (See historical and practice notes to Ch 110, Sec 57.1, Smith-Hurd Illinois Annotated Statutes.)

The Statute is clear and the parties agree that the declaration of rights is within the sound discretion of the trial court. Therefore, the issue before us is not whether the court should have declared the rights of the parties, but rather, was the trial court's failure so to do an abuse of discretion requiring this court to intervene. State Farm Mut. Automobile Ins. Co. v. Morris, 29 Ill App2d 451, 173 NE2d 590 (1961).

■ It appears to this court that no abuse of discretion occurred. This was the third suit raising the same issues. Plaintiff has gone from forum to forum seeking a favorable decision. It can hardly be argued that the declaratory judgment under these circumstances will avoid a multiplicity of suits, since a multiplicity has already occurred.

While the plaintiff has the right to be heard, it does not have a right to a particular type of proceeding. Plaintiff has every right to raise this issue in the cases presently pending and to have an adjudication.

■■ We now come to the question of whether or not the trial court should have permitted plaintiff to amend

169

its complaint. It must be remembered that this motion was not made until after the court had indicated that it was going to dismiss the original complaint. It has been held many times that the trial judge has broad discretion in connection with amendments and that his discretion will only be reviewed where there is a manifest abuse, Deasey v. City of Chicago, 412 Ill 151, 156, 157, 105 NE2d 727 (1952), Lowrey v. Malkowski, 20 Ill2d 280, 285, 170 NE2d 147 (1960). In this case the trial judge had already made his decision before the attempt to amend was made. He had already decided that plaintiff's grievances could be raised in litigation even then pending. The proposed amendment did not raise any new issues which could not be resolved in pending litigation, therefore, it can hardly be said that the trial court's refusal to permit the amendment amounted to a manifest abuse of discretion.

In view of our decision on the principal questions involved, it is not necessary for us to reach the other matters raised by the parties.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.