Dovie Thurman *et al.*, Plaintiffs-Appellants, *v.* The Department of Public Aid *et al.*, Defendants-Appellees.

(No. 59901;

First District (4th Division)—December 20, 1974.

*Rehearing denied January 24, 1975.*

Thomas J. Grippando, Legal Assistance Foundation, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and A. Zola Groves, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiffs, recipients of public aid, commenced an action on September 7, 1972, seeking injunctive relief, declaratory judgment, and administrative review against the Illinois Department of Public Aid, its director, and the Cook County Department of Public Aid. They challenge the standards applied and the allowances granted by the Department as

being violative of section 12—4.11 of the Illinois Public Aid Code. Ill. Rev. Stat. 1971, ch. 23, par. 1—1 *et seq.*

With regard to standards of financial assistance, section 12—4.11 of the Code states that the Department of Public Aid shall:

> "Establish standards by which need for public aid will be determined and amend such standards from time to time as circumstances may require.
>
> The standards shall provide a livelihood compatible with health and well-being for persons eligible for financial aid under any Article of this Code. * * *
>
> The quality and quantity of the items included in the standards established for food, clothing and other basic maintenance needs shall take account of the buying and consumption patterns of self-supporting persons and families of low income, as determined from time to time by the United States Department of Agriculture, the United States Bureau of Labor Statistics, and other nationally recognized research authorities in the fields of nutrition and family living." (Ill. Rev. Stat. 1971, ch. 23, par. 12—4.11.)

Our attention is called particularly to the part which states that the Department shall establish such standards of assistance as will maintain a livelihood compatible with health and well-being. Plaintiffs maintain that the Department has not set standards which conform to this statutory direction. Plaintiffs further argue that their allowances are below those set forth by the Public Aid Code. Section 12—4.11 states that:

> "The items in the standards shall be priced periodically for changes in cost, as provided in Section 12—4.15, and allowances adjusted as indicated by the findings of such surveys." (Ill. Rev. Stat. 1971, ch. 23, par. 12—4.11.)

Section 12—4.15 additionally provides that the Department shall:

> "Make periodic surveys of cost of living factors in relation to the needs of recipients of public aid to assure them a standard of living compatible with health and well-being." (Ill. Rev. Stat. 1971, ch. 23, par. 12—4.15.)

Plaintiffs charge that the Department has not complied with this statutory mandate since their present allowances fail to reflect increases in the cost of living. Upon these grounds plaintiffs seek an increase in public assistance retroactively to July, 1970, in accordance with the price surveys and monthly cost of living reports of the United States Department of Labor.

On April 10, 1972, an administrative hearing was held before a hearing officer of the Illinois Department of Public Aid. Upon review of the record, the hearing officer held that the Department's assistance stan-

dards provided a livelihood compatible with health and well-being, and that those standards were not erroneously applied by the Department. Pursuant to these findings, the decision of the Cook County Department of Public Aid was affirmed. Subsequently, plaintiffs sought administrative review of the Department's decision. The report of proceedings was filed by the Department as its answer to the complaint. On November 6, 1973, the court handed down an opinion holding that the policy issues raised by plaintiffs were moot, and an order dismissing the suit was immediately entered. In his opinion, the trial judge recited that he had heretofore ruled that the suit was not properly a class action; that the pending suit of *Mabry v. Edelman*, No. 73 CH 5805, was heard by him in connection with a petition for temporary injunction; it was established in that suit that the State of Illinois, as of October 1, 1973, adopted what is commonly known as a "Flat Grant" welfare policy; and that pursuant to the change in welfare policy, the Department had established standards for assistance in conformity with section 12—4.11 which were not below those required by statute and which were increased to reflect a rise in the cost of living as established by current surveys. Plaintiffs moved to vacate the order of dismissal. On November 19, 1973, an order was entered denying the motion, and all counts of the complaint were dismissed. Plaintiffs appeal from the above orders entered on November 6 and 19.

The issues presented for review are as follows: (1) Was the matter properly brought as a class action; (2) Do plaintiffs have an adequate remedy at law thereby precluding actions for injunctive relief or declaratory judgment; (3) Can a class action for declaratory judgment and injunctive relief be joined in a complaint for administrative review; (4) Does the Court have jurisdiction to order retroactive payments from July 1970; (5) Can new evidence be introduced on administrative review; (6) Does the adoption of the "Flat Grant" welfare policy by the State of Illinois as of October 1, 1973, render the issues moot; and (7) Did the trial court's determination of mootness demonstrate prejudice?

■■ We find a discussion of the various issues unnecessary since we are in accord with the trial court that they are moot. A question is said to be moot when it presents or involves no actual controversy (*Wick v. Chicago Telephone Co.*, 277 Ill. 338), or, as in the case at bar, where the issues have ceased to exist (*Jones v. Clark*, 355 Ill. 527). As pointed out by the court, subsequent to the commencement of this action, the "Flat Grant" policy was adopted in the State of Illinois. Under this system, the Department established new standards for assistance in conformity with section 12—4.11. The Department made periodic surveys and adjusted the allowance to reflect increases in the cost of living.

Under the new policy, 76 or 80 percent of the recipients have enjoyed a definite increase in allotments, and an additional $3,000,000 per month is being distributed. Furthermore, the "Flat Grant" policy has made provision for individuals who apply for allowances in hardship cases. Thus, plaintiffs in this case may apply for an additional allotment to which they may be entitled. In essence, through the adoption of the "Flat Grant" policy, plaintiffs have secured what they basically sought. As stated in *People ex rel. Newdelman v. Weaver,* 50 Ill.2d 237, 241, " '* * * [A]n appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or * * * to render a judgment to guide potential future litigation [Citations.]' "

■■■ Plaintiffs strenuously argue that the trial judge improperly referred to *Mabry v. Edelman,* 73 CL 5805, in his opinion of November 6, 1973, since it is a separate cause of action, wholly unrelated to the instant case. They particularly emphasize that *Mabry* merely involved a hearing for a temporary restraining order, and therefore they are not bound by any evidence introduced in that cause. We must point out, however, that statutes are a matter of public knowledge, and when one comes to the attention of the court, it must take judicial notice of same. (Ill. Rev. Stat. 1973, ch. 51, par. 48a.) Judicial notice denotes the duty and power of a court to accept for purposes of trial the truth of a well known fact, commonly and generally known, without proof thereof. (*City of Chicago v. Williams,* 254 Ill. 360.) On prior occasion our supreme court has held that judicial notice may be taken of the published reports and public records of the Department of Public Welfare. (*Department of Public Welfare v. Bohleber,* 21 Ill.2d 587.) Having personally ruled on the *Mabry* case and knowing that the "Flat Grant" welfare policy had been adopted by the State, the trial court was duly bound to conclude that the issues raised by this case were moot. Appellant's argument that the court was prejudiced is clearly unsupported by the record. On the contrary, we must say that the record discloses that a very conscientious and knowledgeable judge gave considerable time and effort to the parties and the issues.

For the reasons stated the judgment of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.