*In re* DARRELL MULLINS.—(THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Petitioners-Appellants, *v.* DARRELL MULLINS, Respondent-Appellee.)

First District (4th Division) No. 60736

Opinion filed December 17, 1975.

48

William J. Scott, Attorney General, of Springfield (James B. Zagel, Assistant Attorney General, of counsel), for appellants.

Patrick A. Keenan, of DePaul Law Clinic, and Donald T. Bertucci, of Chicago (Robert Thompson, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Respondent's counsel sought access to the confidential records of the Department of Corrections concerning the respondent and filed subpoenas and a motion for discovery. Following a hearing of the issues and *in camera* inspection of the records, the Circuit Court of Cook County ordered the records (with some items excepted) delivered to respondent's counsel. The People and Department of Corrections appeal.

A petition for adjudication of wardship was filed in the Circuit Court of Cook County, County Department, Juvenile Division, on February 2, 1974. The named respondent, Darrell Mullins, was charged with one count of murder, two counts of armed robbery, and two counts of aggravated assault.

Respondent's counsel sought access to records concerning the respondent in the possession of the Department of Corrections. Counsel for the respondent caused subpoenas to be served on officials of the Department of Corrections. The subpoenas called upon the Department to produce "[a]ll records, reports, studies and findings of any and all psychological, psychiatric and sociological examinations administered to respondent Darrel [sic] Mullins, and all records, reports and findings by any and all parole officers ever assigned to respondent and any other documents relating in any way to respondent."

When the subpoenaed officials failed to comply with the respondent's requests, the Juvenile Court issued a rule to show cause on March 22, 1974, ordering the Department of Corrections and its officials to appear on March 27, 1974.

A motion for discovery was filed by respondent on March 22, 1974, "pursuant to" the Illinois Supreme Court Rules applicable to discovery in criminal cases. (Ill. Rev. Stat. 1973, ch. 110A, pars. 411-415.) The

motion called for full disclosure of any relevant information in the possession of the State's Attorney of Cook County.

On March 27, 1974, the State's Attorney filed a motion for transfer of the respondent, Darrell Mullins, so as to permit his prosecution under adult criminal law. Previous to March 27, the Department of Corrections had delivered its records concerning the respondent to the State's Attorney's office.

Arguments were heard on March 27, 1974, concerning the discovery motion and the subpoenas. The People asserted that the information requested of the Department of Corrections was of a confidential nature and, therefore, could be released only as authorized under section 3—5—1(b) of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—5—1(b).) The People further argued that the Supreme Court Rules applicable to criminal discovery were not applicable in Juvenile Court proceedings.

On April 1, 1974, the court ordered the records delivered to counsel for the respondent or to the court for *in camera* inspection. Following such inspection, the court ordered that the records be made available, with a number of items excepted, to respondent's counsel and not be shown to the respondent or his parents. The Department of Corrections fully complied with the order of April 1, 1974, and now appeals therefrom.

■■ When a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal. (*In re Creager* (1944), 323 Ill.App. 594, 56 N.E.2d 649.) An abstract question is one in existence but for which no effectual relief can be granted to either party. *Chicago City Bank & Trust Co. v. Board of Education* (1944), 386 Ill. 508, 504 N.E.2d 498; *Harney v. Cahill* (1965), 57 Ill.App.2d 1, 206 N.E.2d 500.

■■ This court has concluded that the instant appeal be dismissed. When the Department of Corrections fully complied with the order of April 1, 1974, and delivered its records concerning respondent to the court below for inspection, the Department rendered it impossible for this court of review to grant any effectual relief to either party. An affirmance by this court would require something to be done which already has been done. A reversal would ostensibly prohibit an action which already has occurred and connot be recalled with any practical effect. In *Mills v. Green*, 159 U.S. 651, 653, 40 L.Ed. 293, 293-94, 16 S.Ct. 132, it was said:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried

50

into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."
Accordingly, this appeal is dismissed.

Appeal dismissed.

DIERINGER, P. J., and JOHNSON, J., concur.