BENJAMIN A. RASKY, Plaintiff-Appellant, *v.* JOAN G. ANDERSON, Director, Department of Registration and Education, *et al.*, Defendants-Appellees.

First District (5th Division)    No. 77-1932

Opinion filed May 26, 1978.—Supplemental opinion filed on denial of rehearing July 28, 1978.

Benjamin A. Rasky, of Skokie, for appellant, *pro se.*

William J. Scott, Attorney General, of Chicago (Gail Moreland, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Benjamin A. Rasky, filed suit against defendants, the Department of Registration and Education (Department) and its director, Joan Anderson, seeking a declaratory judgment and injunctive relief. The trial court granted defendants' motion to dismiss plaintiff's suit "because the Court finds that the present action is premature and that plaintiff has failed to exhaust his administrative remedies." Plaintiff on appeal argues that the trial court erred, since the law is that one may attack the constitutionality of a statute on its face without prior resort to related administrative remedies. See *People ex rel. Kreda v. Fitzgerald* (1975), 33 Ill. App. 3d 209, 338 N.E.2d 76; *Hill v. Daley* (1975), 28 Ill. App. 3d 202, 328 N.E.2d 142.

We dismiss the appeal. The pertinent facts follow.

On or about January 25, 1977, plaintiff received notice and a complaint stating that the Department would seek the suspension or revocation of his real estate broker's license. The complaint charged that plaintiff owned and operated several buildings which violated the Municipal Code of Chicago, and that in allowing certain conditions (*i.e.*, roach infestation, debris and dirt in the hallways, lack of hot water) to persist plaintiff had violated sections 15(e)11 and 21 of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, pars. 115(e)(11), 115(e)(21),[1] as well as rule XI of the rules promulgated by the Department

---

[1] This act has been transferred to chapter 111 of the Illinois Revised Statutes, Professions and Occupations, and these sections are presently codified as Ill. Rev. Stat. 1977, ch. 111, pars. 5732(e)11 and 21.

pursuant to said Act. A hearing was set for February 22, 1977; however, the matter was continued until June 14, 1977.

On June 14, 1977, plaintiff filed the instant action in the circuit court seeking a declaratory judgment that certain pertinent provisions of the Act,[2] as well as the Department's rule XI, were unconstitutional and requesting that the court stay any proceedings by the Department to revoke or suspend his broker's license. Meanwhile, at the Department's offices the hearing was held *ex parte* before the Real Estate Examining Committee (Committee), plaintiff having failed to appear until some 15 minutes after the conclusion of the hearing despite proper notice to him of both its time and place.

On July 15, 1977, the trial court dismissed plaintiff's action as noted earlier, without reaching the merits of his complaint. On July 20, 1977, the Committee made its findings of fact and conclusions of law based on the June 14 hearing, and recommended to the director of the Department that plaintiff's broker's license be revoked. On August 2, 1977, plaintiff was notified of this recommendation and informed that he had 20 days therefrom to petition the director for a rehearing. His petition was denied, and in fact his broker's license was revoked by the Department on October 21, 1977.

Plaintiff did petition the court to reconsider its dismissal order of July 15. The court denied the motion and this appeal follows.

Opinion

As a threshold issue we first must consider whether the subsequent revocation of plaintiff's broker's license has rendered this case moot. We conclude that it has.

■■ The proposition is established that a court of review will not ordinarily dispose of an appeal on its merits where the court has notice of facts that demonstrate that no actual rights or interests of the parties will be affected thereby. (*Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 311 N.E.2d 134.) It is the duty of this court to decide actual controversies which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. (*In re Mullins* (1975), 35 Ill. App. 3d 47, 341 N.E.2d 140.) An abstract question is one in existence, but for which no effectual relief can be granted. *Harney v. Cahill* (1965), 57 Ill. App. 2d 1, 206 N.E.2d 500.

■■ In the instant case it is no longer within the power of this court to

---

[2] In addition to sections 15(e)11 and 21, plaintiff also challenged the constitutionality of section 4.02(a) of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1977, ch. 111, par. 5706(a)), which defines the term "Broker."

render any effective relief to plaintiff. His broker's license has already been revoked, and while plaintiff could have contested and appealed that decision pursuant to the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, pars. 264 through 279), he failed to do so. The revocation has become a final, nonappealable order, not subject to attack through the instant proceedings. Therefore, our pronouncements upon the issues raised by plaintiff in this appeal, even if favorable to him, would have no effect in restoring his license. A reversal could not act to prohibit an action which already has occurred and cannot be recalled with any practical effect. (See *In re Mullins.*) Plaintiff should have pursued his administrative remedies, and perhaps have consolidated his causes on appeal to this court.

Thus, we conclude that the instant appeal is moot in light of our inability to render any effective relief to plaintiff. Courts are not required to review questions of a refusal to grant declaratory or injunctive relief where the relief sought involves a matter that has become moot. (*Knight v. Board of Education* (1976), 38 Ill. App. 3d 603, 348 N.E.2d 299.) Accordingly, this appeal is dismissed.

Appeal dismissed.

LORENZ and WILSON, JJ., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff has petitioned for a rehearing of this court's determination that his appeal should be dismissed. Of those points raised in his petition, we consider that only one bears any relevance to our prior decision and thus deserves some comment.

In our decision we recited the fact that the revocation of plaintiff's license had rendered this case moot. Plaintiff still concedes that his license has in fact been revoked. We also noted that said revocation had become final, since plaintiff had failed to pursue his administrative remedies, and thus was not subject to a collateral attack through the instant appeal. The record before us contained no indication that an administrative appeal had been taken, and the court was informed at oral argument by the Assistant Attorney General, without objection or exception by plaintiff, that no such action had been taken. Plaintiff now points out that the court was misinformed on this point. In fact, he has filed a complaint for administrative review, which is presently pending in the circuit court. This fact, however, does not alter our determination.

In our view, the revocation of plaintiff's license still renders the instant appeal moot. Clearly, the question of injunctive relief has been mooted

by the license revocation. Similarly, we conclude that any action by this court concerning the requested declaratory relief would still not have the effect of restoring plaintiff's license. If such is to occur, it will be through the pending action in administrative review.

Furthermore, we note that the issue on appeal concerning the dismissal of plaintiff's declaratory judgment action is not whether the trial court should have declared the rights of the parties, but rather whether the court's failure to do so was an abuse of discretion. (*Farmer's Oil & Supply Co. v. Illinois Central R.R. Co.* (1972), 6 Ill. App. 3d 965, 286 N.E.2d 68; *Interlake Iron Corp. v. Dravo Corp.* (1966), 68 Ill. App. 2d 167, 215 N.E.2d 137.) However, since plaintiff now has the opportunity through administrative review to raise those same issues raised in his previous action, any such determination by this tribunal would be unnecessary, as well as unavailing. Plaintiff is assured of receiving a hearing on the merits of his contentions and has thus basically secured what he originally sought. *Cf. Thurman v. Department of Public Aid* (1974), 25 Ill. App. 3d 367, 323 N.E.2d 502.

■■ Lastly, we are unconvinced that the presence of alleged constitutional challenges to the statute's validity in this case requires our ruling on the merits of this appeal. These issues too may be litigated in the administrative review process. Thus, while this court has the power to enter declaratory relief (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)), we would abstain from doing so in a case such as this. The general rule is that a declaratory judgment will not issue where another appropriate proceeding involving the same subject matter and issues is already pending. See *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 289 N.E.2d 491; 16 Ill. L.& Prac. *Declaratory Judgments* §7 (1971).

For the foregoing reasons, we adhere to our prior disposition of this case. The petition for rehearing is denied.

LORENZ and WILSON, JJ., concur.