2024 IL App (1st) 230136-U

THIRD DIVISION
July 3, 2024

No. 1-23-0136

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| NEWLINE HOLDINGS, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ND FINANCIAL, LLC, | ) | No. 22 COTD 1195 |
| | ) | |
| Petitioner-Appellee | ) | |
| | ) | |
| (Maria Pappas, as Cook County Treasurer and *Ex Officio* | ) | Honorable |
| Cook County Collector, | ) | Maureen O. Hannon, |
| | ) | Judge Presiding. |
| Respondent-Appellee). | ) | |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissing an appeal as moot where the appellee's certificate of purchase of delinquent property taxes was returned and the purchase amount was refunded by the county treasurer during the pendency of the appeal.

¶ 2    ND Financial, LLC (ND Financial) purchased certain delinquent property taxes on real estate located in the 5400 block of South Wabash Avenue in Chicago (the property) at a scavenger tax sale held by the Cook County Treasurer (Treasurer).  ND Financial initially filed a

petition for tax deed in the circuit court of Cook County but subsequently filed a petition for a declaration of sale in error, based on a defect in one of its required notices under the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2022)). Newline Financial, LLC (Newline)—which held certificates of purchase of delinquent taxes on the same property for different tax years than ND Financial—filed a motion to dismiss ND Financial's petition for tax deed. In the dismissal motion, Newline suggested that ND Financial engaged in tax sale fraud based on its purported affiliation with the owner of the property. ND Financial responded, in part, that Newline was not a party to the circuit court proceedings and did not seek leave to intervene in the proceedings. The circuit court ultimately denied ND Financial's petition for tax deed and vacated its certificate of purchase as a sale in error; Newline's motion to dismiss was also denied.

¶ 3    On appeal, Newline advances various challenges to the circuit court's consideration of and rulings on ND Financial's sale in error. For the reasons discussed herein, we find that ND Financial's surrender of its certificate of purchase and the Treasurer's refund of its payment render the instant appeal moot, and we thus dismiss the appeal.

¶ 4                                BACKGROUND

¶ 5                       *ND Financial Purchases Delinquent Taxes*

¶ 6    ND Financial purchased certain delinquent taxes on the property at a scavenger tax sale held by the Treasurer in February 2022. A certificate of purchase numbered 21S-0003766 was issued to ND Financial; the certificate listed the delinquent tax years as 2012 through 2018. ND Financial subsequently filed a "notice of sale and redemption rights" pursuant to section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West 2022)) (section 22-5 notice).

¶ 7    On August 22, 2022, ND Financial filed a petition for tax deed in the circuit court of Cook County. A notice issued by the clerk of the circuit court on August 30, 2022, stated that a

"petition has been filed for a tax deed which will transfer title and the right of possession of this property if redemption is not made on or before February 3, 2023."

¶ 8    On January 3, 2023, ND Financial filed a petition for a declaration of a sale in error. In the petition, ND Financial stated that it learned in December 2022 that the section 22-5 notice incorrectly listed the tax years sold as "2010-2018" instead of "2012-2018."  Representing that it was unable to prove that it complied with section 22-5 of the Property Tax Code, ND Financial sought an order vacating the tax sale and directing the Treasurer to refund the amount of the certificate of purchase plus any subsequent taxes and costs which it had paid.

¶ 9                              *Newline's Appearance and Motion to Dismiss*

¶ 10    On January 11, 2023, attorney Bryan Hughes (Hughes) filed an "additional appearance" on behalf of Newline and then an "appearance" on behalf of Newline "as Respondent."  On the same date, Hughes moved to withdraw his additional appearance, which was "filed incorrectly."

¶ 11    On January 13, 2023, Newline filed a motion to dismiss ND Financial's petition for tax deed pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2022)).  Newline asserted that it maintained an interest in the property through its purchase of the 2013 through 2015 taxes on September 20, 2017, as evidenced by certificate of purchase number 17S-0005093.  According to Newline, the owner of the property (*i.e.*, the real estate in the 5400 block of South Wabash) was affiliated with ND Financial, and therefore ND Financial lacked standing to prosecute the tax deed proceeding.

¶ 12    Newline also argued that ND Financial's section 22-5 notice falsely claimed to include years which were not included in the scavenger sale.  Specifically, Newline contended that ND Financial's certificate only contained the taxes for four years—2012, 2016, 2017, and 2018—and that Newline's 2017 certificate of purchase reflected its ownership of the taxes for

2013, 2014, and 2015. According to the motion, Newline's certificate of purchase was the subject of separate proceedings in the circuit court of Cook County under case number 17 COTD 3820.

¶ 13    Newline further maintained ND Financial failed to provide proper notice to all interested parties pursuant to section 22-10 of the Property Tax Code (35 ILCS 200/22-10 (West 2022)). In addition to its alleged interest in the property based on the 2017 certificate of purchase, Newline represented that it had purchased the 2019 taxes on the property in a tax sale held in May 2022.

¶ 14                              *Proceedings on January 13, 2023*

¶ 15    On January 13, 2023, ND Financial filed a motion to strike Newline's appearance, contending that Newline was not a "party/respondent" and that Newline had failed to move to intervene in the action on any recognized basis.

¶ 16    During a hearing on the same date on its motion for sale in error, ND Financial stated that Newline had brought the error in the section 22-5 notice to its attention "in another proceeding." The Treasurer—represented by the Cook County State's Attorney—objected to ND Financial's sale in error application on two grounds. The Treasurer initially argued that a petitioner's application for tax deed must be denied prior to requesting the sale in error under section 22-50 of the Property Tax Code (35 ILCS 200/22-50 (West 2022)). The Treasurer further maintained that ND Financial did not present sufficient evidence to establish it had made a *bona fide* attempt to comply with the statutory requirements for a tax deed, as is contemplated by section 22-50. ND Financial asserted that it provided sufficient evidence to demonstrate that its defective notice amounted to a *bona fide* attempt since the defect was inadvertent, and, in the interest of judicial economy, the circuit court could grant the sale in error without first formally denying the petition

for tax deed.

¶ 17   Over ND Financial's objection, Hughes (Newline's counsel) argued that Newline agreed that ND Financial was not entitled to a tax deed, but that Newline challenged whether a sale in error should be granted and whether only the State's Attorney (on behalf of the Treasurer) could participate in the proceedings on the sale in error.  Hughes further argued that the sale in error "should be held in abeyance" until the circuit court determined whether the sale should have occurred.  Newline requested a "ruling on the merits" prior to consideration of the petition for sale in error.

¶ 18   The circuit court granted ND Financial's petition for a declaration of sale in error.  In a written order entered on January 13, 2023, the circuit court (a) denied the petition for tax deed with prejudice, (b) vacated and set aside certificate of purchase 21S-0003766 as a sale in error under section 22-50 of the Property Tax Code, and (c) directed the Treasurer to refund taxes and costs without interest to ND Financial upon its surrender of the certificate of purchase.

¶ 19                    *Proceedings on January 20 and January 23, 2023*

¶ 20   Following a hearing on January 20, 2023, the circuit court entered a written order which stated that Newline's additional appearance was withdrawn.  Newline's motion to dismiss was set for ruling on January 23, 2023.

¶ 21   On January 23, 2023, the circuit court entered a written order which (a) characterized ND Financial's motion to strike Newline's appearance as "moot," based on the circuit court's January 13 order granting the sale in error and (b) noted that the January 13 sale in error order "stands."  The circuit court also denied Newline's motion to dismiss pursuant to section 2-619 "for reasons stated in open court."  During the January 23 hearing, the circuit court stated, in part, that any fraud in connection with the scavenger sale could be prosecuted by the State's

5

Attorney, but that the purported fraud was not "relevant to this case which is before us," where the circuit court had granted the sale in error. The circuit court's written order closed and dismissed the case.

¶ 22    On January 23, 2023, Newline filed a notice of appeal challenging the orders entered on January 20, 2023, and January 23, 2023.

¶ 23                                    ANALYSIS

¶ 24                          *Arguments in Appellate Briefs*

¶ 25    Newline advances three primary arguments on appeal. It initially contends that the circuit court erred "when it failed to follow controlling law regarding the jurisdiction it possessed to entertain" ND Financial's right to obtain a sale in error. Newline also maintains that the circuit court erred by finding that it lacked standing to respond to the petition for a declaration of a sale in error. Newline further asserts that the circuit court erred in finding that ND Financial was entitled to a sale in error based on a *bona fide* attempt to comply with the statutory requirements for the issuance of the tax deed (see 35 ILCS 200/22-50 (West 2022)) without first conducting an evidentiary hearing.

¶ 26    Both the Treasurer and ND Financial have filed appellee briefs. The Treasurer argues that the circuit court properly declined Newline's participation in the sale in error proceeding, as Newline was not a party and did not petition to intervene. ND Financial raises the same argument and contends, more broadly, that the denial of its petition for tax deed and the grant of the section 22-50 sale in error was not against the manifest weight of the evidence. ND Financial further maintains that Newline assigned its 2017 certificate on March 13, 2023, to another entity—Blue Ocean 21-1, LLC—and thus Newline "has absolutely no interest or standing to proceed with this appeal." Newline replies, in part, that at the time ND Financial filed its

petition for tax deed, Newline had "an existing interest in the property by virtue of both \*\*\* prior and subsequent tax certificates."

¶ 27                                    *Motions Taken with the Case*

¶ 28     We further note that two motions were taken with the case in this appeal: one filed by ND Financial, and the other by Newline.

¶ 29     ND Financial filed a motion to dismiss the appeal, arguing that the appellate court lacks jurisdiction to consider the appeal, as (a) Newline was not a party to the tax deed proceeding and failed to seek leave to intervene, and (b) Newline failed to list the correct orders in its notice of appeal, *i.e.*, Newline did not appeal from the order entered on January 13, 2023. ND Financial further contends that the appeal is moot, as its surrender of the certificate of purchase and its receipt of a refund from the Treasurer "negates the existence of an actual controversy." Newline responds that intervention was not necessary, as "Newline was clearly an interested party by virtue of the tax certificates it held at the time of the filing of 22 COTD 1195." Newline further argues that its reference to the incorrect order in its notice of appeal was a scrivener's error. Finally, Newline maintains that the appeal is not moot as the key issue has not been resolved, *i.e.*, whether ND Financial had a right to file a tax deed petition given its alleged relationship with the property owner. ND Financial argues in reply that since the judgment of the circuit court was not stayed, "nothing prevented the cancellation of the certificate[,] and the Treasurer accepted the certificate and issued a refund pursuant to the judgment." ND Financial thus asserts that the subject matter of the tax proceeding no longer exists.

¶ 30     The second motion taken with the case is Newline's motion to amend the notice of appeal to correct the dates of the circuit court orders being appealed, changing the dates from (a) January 20, 2023, and January 23, 2023, to (b) January 13, 2023, and January 23, 2023.

ND Financial responds, in part, that this relief should be denied, as Newline was not a party in the circuit court proceedings, and Illinois Supreme Court Rule 303 (eff. July 1, 2017)—which addresses appeals from final judgments of the circuit court in civil cases—does not apply to non-parties.

¶ 31     As discussed below, we find that the surrender of ND Financial's certificate and the total refund by the Treasurer negated the existence of an actual controversy, and we thus dismiss the appeal as moot.

¶ 32                                    *Mootness*

¶ 33     The existence of an actual controversy is necessary for appellate jurisdiction, as reviewing courts "will generally not decide abstract, hypothetical, or moot questions." *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003).  Accord *In re Benny M.*, 2017 IL 120133, ¶ 17.  "An appeal is considered moot where it presents no actual controversy or where the issues have ceased to exist." *Andrea F.*, 208 Ill. 2d at 156.  The test for mootness is whether the issues involved in the circuit court proceedings no longer exist, as intervening events have rendered it impossible for the appellate court to grant effectual relief to the complaining party.  *Id.*; *Benny M.*, 2017 IL 120133, ¶ 17.  See also *Rasky v. Anderson*, 62 Ill. App. 3d 633, 635 (1978) (noting that "a court of review will not ordinarily dispose of an appeal on its merits where the court has notice of facts that demonstrate that no actual rights or interests of the parties will be affected thereby").

¶ 34     In this case, we are unable to render any effective relief to Newline.  Newline does not contest that the judgment for a sale in error refund was not stayed (see Ill. S. Ct. R. 305 (eff. July 1, 2017)) or that ND Financial returned its certificate of purchase of delinquent property taxes to the Treasurer, and the Treasurer fully refunded its payment during the pendency of this appeal.

See *Prospect Heights Fire Protection District v. Department of Employment Security*, 2021 IL App (1st) 182525, ¶ 23 ("[w]hen considering the issue of mootness, the court may take judicial notice of events and materials that do not appear in the record to determine whether an actual controversy exists or whether the matter is moot").  As ND Financial holds no interest of any kind with respect to the property, the subject matter of the tax deed proceeding no longer exists.

¶ 35    We observe that Newline poses various questions on appeal, *e.g.*, whether ND Financial was a valid certificate holder with the ability to pursue a tax deed and whether the circuit court was required to resolve Newline's challenges regarding ND Financial's standing prior to considering its petition for sale in error.  As Illinois courts do not decide moot questions or render advisory opinions, however, we will not (and indeed cannot) address Newline's contentions.  See *Staake v. Department of Corrections*, 2022 IL App (4th) 210071, ¶ 30.  Similarly, as we find that the issues on appeal have been rendered moot by the return of the certificate and the subsequent refund from the Treasurer, we need not address ND Financial's other arguments, *e.g.*, regarding Newline's lack of standing, its failure to intervene, and its assignment of its 2017 certificate.

¶ 36                                    CONCLUSION

¶ 37    As discussed above, the issues before this Court have been rendered moot, and we therefore must dismiss the appeal.  See *Andrea F.*, 208 Ill. 2d at 156.  ND Financial's motion to dismiss the appeal (which was taken with the case) is hereby granted, and Newline's motion to amend its notice of appeal (which was also taken with the case) is moot.  Based on our dismissal of this appeal on mootness grounds, we need not consider the parties' other contentions.

¶ 38    Appeal dismissed.