MARTIN P. TIPPIN, Plaintiff-Appellee, v. ROCKDALE SASH AND TRIM COMPANY, INC., Defendant-Appellant.

Third District   No. 3—89—0207

Opinion filed March 7, 1990.

John L. Parker & Associates, Ltd., of Chicago (John L. Parker, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Renee Cipriano, Michelle D. Jordan, and Matthew J. Dunn, Assistant Attorneys General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Rockdale Sash & Trim Company (hereinafter Rockdale), contests the Illinois Environmental Protection Agency's (hereinafter Agency's) authority to obtain an administrative inspection warrant pursuant to section 4(d) of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1004(d)). More specifically, Rockdale appeals the following: (1) the issuance of an administrative inspection warrant by Circuit Judge Robert R. Buchar on March 28, 1989; (2) paragraphs 2 and 4 of the March 29, 1989, order entered by Circuit Judge William R. Penn which denied Rockdale's motion to quash the warrant; and (3) an order by Circuit Judge Penn on March 31, 1989, denying both a motion for injunction and a motion for stay filed by Rockdale. Since the administrative inspection warrant was executed and returned by the Agency on March 31, 1989, this court finds that the issues raised by this appeal are moot. Accordingly, we affirm the trial court.

Rockdale manufactures and coats wooden frames and sliding glass

door frames for residential buildings. Since 1975, Rockdale has operated its facility in Rockdale, Illinois, pursuant to Illinois Environmental Protection Agency operating permit No. 75100033. On March 16, 1988, Martin P. Tippin, an engineer for the Agency, conducted an inspection of the Rockdale facility. The inspection of the facility revealed the presence of a flow coater, which coats wood with an antidecay substance, two spray booths, and a flat line coater, which applies a primer. Section 9(b) of the Illinois Environmental Protection Act requires that this equipment meet Agency regulations and that the Agency must issue a permit for such equipment. (Ill. Rev. Stat. 1987, ch. 111½, par. 1009(b).) During the March 16, 1988, inspection, Mr. Tippin requested information as to the quantity and composition of coating materials being utilized by Rockdale to determine whether Rockdale's chemical emissions are in compliance with section 215.204(1) of the Pollution Control Board Emission Limitations for Manufacturing Plants (35 Ill. Adm. Code §215.204(1) (1986 Supp.)). Rockdale refused to give Tippin this information. The Agency then attempted to obtain this information by sending correspondence to Rockdale's attorney. The Rockdale facility continued to deny the Agency any data regarding its surface coating materials.

On March 28, 1989, the Illinois Attorney General's office, on behalf of the Agency, appeared before Circuit Judge Robert R. Buchar to obtain an administrative inspection warrant. The Agency presented a complaint for administrative inspection warrant and a supporting affidavit of Agency engineer Martin Tippin. Thereafter, Judge Buchar signed the warrant. The warrant issued was limited to the inspection of corporate records relating to Rockdale's surface coating operations, purchases and usages of coating materials, and the composition and quantity of the coating materials utilized at the facility.

On March 28, 1989, Mr. Tippin appeared at the Rockdale facility with the issued warrant, but was refused access to the facility. Mr. Tippin, at the direction of the Agency, then returned to the Rockdale facility that same day at approximately 5 p.m. with police protection. After Mr. Tippin was again refused access to the facility, the Rockdale plant manager was arrested. Mr. Tippin then spent one hour reviewing Rockdale's files before leaving for the evening. Nothing was seized pursuant to this partial search.

On the morning of March 29, 1989, Rockdale presented an emergency motion to quash the warrant to Circuit Judge William R. Penn. After hearing arguments from counsel, Judge Penn affirmed the validity of the warrant, quashing only that portion which allowed the Agency to "take" any and all documents or records which related to

the coating materials used by Rockdale at the facility. Subsequent to the hearing and pursuant to the warrant, Agency inspectors then arrived at the Rockdale facility on March 29, 1989, only to find empty file jackets in those file cabinets that they were allowed to inspect.

On March 31, 1989, Rockdale presented two motions to the circuit court in an attempt to enjoin and/or stay the Agency's ability to act pursuant to the warrant. The Agency then informed the court that its inspectors found only empty file jackets at the facility and that no records had been found which pertained to the warrant. The Agency then completed the return of the warrant to court stating that "nothing was seized due to the denial of access." After accepting the return of the warrant into the record, and after hearing arguments on the defendant's motions for injunction and stay, Judge Penn denied both motions. Judge Penn found that since the warrant was returned executed, "the warrants over" and "there is nothing to enjoin."

■■ ■ We agree with Judge Penn's findings. The warrant which Rockdale seeks to reverse, quash, enjoin and/or stay on appeal has been executed and returned to the circuit court, with none of the sought-after information having been discovered. There is nothing that this court can do to provide Rockdale with any of the relief it seeks. Reversing the trial court will not empower the trial court to quash or enjoin a warrant that is no longer enforceable and has been completely executed. It is well settled that an appellate court will not render an opinion on a moot question or an abstract proposition which will not affect the rights of the parties before it. (*McHenry County Landfill, Inc. v. Environmental Protection Agency* (1987), 154 Ill. App. 3d 89.) Therefore, this court dismisses Rockdale's appeal as moot.

Rockdale argues, however, that this case presents a question of substantial public interest, which is an exception to the mootness doctrine. (*People v. Labrenz* (1952), 411 Ill. 618.) That question being whether section 4(d) of the Illinois Environmental Protection Act authorizes the issuance and execution of an administrative inspection warrant. Section 4(d) provides in pertinent part:

"(d) In accordance with constitutional limitations, the Agency shall have authority to enter at all reasonable times upon any private or public property for the purpose of:

(1) Inspecting and investigating to ascertain possible violations of the Act *** or of permits or terms or conditions thereof ***." Ill. Rev. Stat. 1987, ch. 111½, par. 1004(d)(1).

We do not find that the facts of this case warrant applying the public interest exception to the mootness doctrine. Nevertheless, we

recognize that under a commonsense reading of section 4(d), the Agency is implicitly authorized to go before a court and request an administrative inspection warrant in order to carry out its duties under the Illinois Environmental Protection Act. Moreover, we note that the warrant issued in this case seems reasonable given its limited scope and the Agency's repeated attempts to acquire the needed information directly from Rockdale before approaching the circuit court for an administrative inspection warrant.

For all of the foregoing reasons, we affirm the decision below.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.