SECOND DIVISION
NOVEMBER 4, 2008

1-06-1243

| | | |
|---|---|---|
| RICHARD P. CARO, a State of Illinois Taxpayer on behalf of and for the Benefit of the Taxpayers of the State of Illinois, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 06 CH 6527 |
| ERIC E. WHITAKER, Director of the Illinois Department of Public Health, | ) ) ) | Honorable James F. Henry, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The plaintiff, Richard Caro, filed a lawsuit in the circuit court of Cook County against Eric Whitaker, M.D., Director of the Illinois Department of Public Health, to enjoin disbursement of funds for stem cell research mandated by two executive orders of the Governor of Illinois. The trial court dismissed the lawsuit and ruled that the lawsuit was a nonjusticiable political question, inappropriate for judicial determination. The plaintiff appealed. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

On July 12, 2005, Illinois Governor Rod Blagojevich issued Executive Order 2005-06 creating the Illinois Regenerative Institute for Stem Cell Research. The executive order directed the Director of the Illinois Department of Public Health (the Department) to create an entity to be known

as the Illinois Regenerative Medical Institute (IRMI). IRMI was to develop a program which would award grants and loans to medical research facilities for the development of cures based on stem cell research. The grants and loans were to be made available to study and research medical therapies, protocols, procedures, possible cures, potential mitigation of diseases and injuries through stem cell research. The executive order of the Governor also established regulatory standards, a mechanism for oversight and standards for medical and scientific accountability for all program grantees. This executive order was amended on February 10, 2006, by Executive Order 2006-03. This new order removed the requirement that the Department adopt rules for the issuance and administration of grants under the IRMI program. The 2005 Omnibus Appropriations Bill (Public Act 94-15, art. 40, §40 eff. July 1, 2005), set forth the appropriation to the Department for fiscal year 2006. Public Act 94-15 provided an appropriation of $10 million to be administered by IRMI for grants and related payments to hospitals and universities for scientific research. Those are the funds that are the subject of this lawsuit.

On April 3, 2006, the plaintiff, Richard Caro, sought leave of court to file a taxpayer complaint against, Eric Whitaker, M.D., then the Director of the Department, seeking a temporary restraining order and permanent injunction to prevent the disbursement of funds to the IRMI program for the upcoming fiscal year. Eric Whitaker, M.D., was the only named defendant. The plaintiff alleged that Executive Orders 2005-06 and 2006-03 were unconstitutional and invalid under the Illinois Constitution and that the Department implemented the executive orders in violation of the Illinois Administrative Procedure Act (5 ILCS 100/1-1 (West 2006)). The court granted the plaintiff leave to file his lawsuit in the circuit court of Cook County. In response, the defendant filed a

motion to dismiss. The trial court dismissed the plaintiff's complaint ruling that the complaint presented a political question and was not appropriate for determination by the judicial branch. With leave of court, the plaintiff filed an amended eight-count complaint on April 21, 2006.

The plaintiff's amended complaint again named Eric Whitaker, M.D., Director of the Department, as the sole defendant. The complaint sought to enjoin Dr. Whitaker from creating IRMI or making any disbursements in the form of research grants because the Governor's executive order directing those actions was unconstitutional and invalid. The plaintiff sought relief in the form of (1) a declaration that Executive Order 2005-06 is invalid because it resulted from an unconstitutional exercise of gubernatorial power; (2) a declaration that Public Act 94-15 (Pub. Act 94-15, art. 40 § 40, eff. July 1, 2005), appropriating $10 million for "grants and related expenses of hospitals and universities for scientific research," is unconstitutionally vague and an improper delegation of legislative authority to the Department; (3) a permanent injunction preventing Dr. Whitaker from awarding any part of the $10 million appropriated; and/or (4) an order directing that the $10 million be returned to the general treasury, if any grants had been made.

Following the trial court's dismissal of his complaint, the plaintiff filed a motion to reconsider, in which he stated that the defendant would award $9,739,299 in research grants to 10 recipients on or before June 30, 2006, unless the plaintiff was successful in enjoining those grants. After that motion was denied on May 10, 2006, the plaintiff filed this appeal. He asks this court to reverse the dismissal and to remand the matter for further proceedings. He acknowledges that the awards of the grants "have been made," but contends that remand is necessary "to work out the appropriate corrective remedy." The defendant argues that this court should dismiss the appeal as

3

1-06-1243

it is moot.

We first address the defendant's contention that the appeal is moot. An appeal is moot when the issue presented before the trial court no longer exists because events subsequent to the filing of the appeal render it impossible for the reviewing court to grant the complaining party the relief he sought. Cinkus v. Village of Stickney Municipal Officers Electoral Board, 228 Ill. 2d 200, 207-08, 886 N.E.2d 1011, 1016 (2008). That being the case, we will not resolve the question merely for the sake of setting a precedent for the purpose of guiding potential future cases. Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n, 196 Ill. 2d 70, 99-100, 750 N.E.2d 202, 219 (2001).

We may resolve an otherwise moot issue if that issue involves a substantial public interest. Cinkus, 228 Ill. 2d at 208, 886 N.E.2d at 1016. However, the public interest exception applies only if the following three criteria are met: (1) the question presented is of a public nature; (2) an authoritative resolution of the question is necessary to guide public officers; and (3) the question is likely to recur. Cinkus, 228 Ill. 2d at 208, 886 N.E.2d at 1016. The exception must be narrowly construed and requires a clear showing of each criterion. Felzak v. Hruby, 226 Ill. 2d 382, 393, 876 N.E.2d 650, 658 (2007).

Here, in our view, it is not possible for this court to grant the plaintiff the relief requested on appeal. We cannot reverse the trial court's dismissal and remand this case for further proceedings on a complaint that sought, *inter alia*, to prevent the defendant, Dr. Whitaker, from awarding the research grants. As the defendant states and the plaintiff concedes, the grants were awarded in 2006. Simply put, "[a] court cannot prevent what has already been done." Leafblad v. Skidmore, 343 Ill.

4

App. 3d 640, 642, 798 N.E.2d 797, 799 (2003).

We deem it important to point out that the plaintiff's complaint also sought a declaration that the Governor's executive orders directing the defendant to award the grants were unconstitutional. However, the plaintiff did not name the Governor as a defendant in this lawsuit and the trial court had no jurisdiction over the Governor or that specific controversy. The only named defendant is Dr. Whitaker, the Director of the Department. However, Dr. Whitaker was not involved in promulgating the executive orders and cannot cure their purported invalidity. Thus, the plaintiff has not properly alleged a declaratory judgment action challenging the Governor's authority and the court would have no power to make that declaration. Gore v. Indiana Insurance Co., 376 Ill. App. 3d 282, 289-90, 876 N.E.2d 156, 164 (2007) (noting that to assert a claim for declaratory judgment, the plaintiff must establish that he has a personal interest; that the defendant has an opposing interest; and an actual case or controversy exists). Thus, Dr. Whitaker is not the appropriate defendant to be charged with the alleged invalidity of Public Act 94-15. He had nothing to do with its enactment.

The plaintiff also asked the trial court to order that the "$10 million appropriated for grants *** be returned to the [g]eneral [t]reasury, if any grants have been made." Again, the plaintiff has not alleged that Whitaker was responsible for the disbursement of funds for the research grants. On the contrary, under the Illinois Constitution, the Comptroller is charged with "order[ing] payments into and out of the funds held by the Treasurer." Ill. Const. 1970, art. V, §17. The Treasurer shall disburse those funds "upon order of the Comptroller." Ill. Const. 1970, art. V, §18. Neither the

Comptroller nor the Treasurer is named as a defendant.[1]  The plaintiff also has not named the recipients of the grants as defendants.  This further underscores that the trial court could not grant the plaintiff the relief sought.  Clearly, the court could not order them to return any misappropriated funds.  The trial court has no jurisdiction over any of those necessary parties and would be powerless to order the return of any allegedly misspent funds.  For these reasons, we cannot grant plaintiff the relief he seeks and the appeal is therefore moot.

Additionally, this record does not clearly establish that the public interest exception applies so that we may reach the merits of the appeal.  Although this case may be of a public nature, there is no need for an authoritative decision to help guide future directors of the Department in the performance of their jobs.  The only issue properly raised by the plaintiff is that Dr. Whitaker should be enjoined from awarding grants because the appropriation of the grant money was unconstitutional.  However, determining the constitutionality of the appropriation is a condition precedent to addressing this claim.  As discussed above, the plaintiff's pleading deficiency in not naming the Governor as a defendant prevents us from reviewing the Governor's purported encroachment on legislative powers.  We need not, and indeed cannot, answer that question.  In light of the fact that the grants have already been awarded, it appears that "this is not a case where ' "the magnitude or immediacy of the interests involved warrant[s] action by the court." ' " Felzak, 226 Ill. 2d at 394,

---

[1]Section 11-301 of the Code of Civil Procedure permits a taxpayer to bring an action to "enjoin the disbursement of public funds by any officer or officers of the State government."  735 ILCS 5/11-301 (West 2006).  It is unclear whether the director of an executive agency is considered an officer of the state government, although it is somewhat clearer that he is not responsible for the disbursement of public funds.

876 N.E.2d at 658, quoting <u>Dixon v. Chicago & North Western Transportation Co.</u>, 151 Ill. 2d 108, 117, 601 N.E.2d 704, 708 (1992), quoting <u>First National Bank of Waukegan v. Karsper</u>, 98 Ill. 2d, 226, 235 (1983).

Finally, there is no indication *in this record* that the situation presented by the plaintiff is likely to recur. The supreme court recently applied the public interest exception to an otherwise moot issue to determine whether the prisoner review board could include electronic monitoring as part of a prisoner's mandatory supervised release (MSR). <u>Holly v. Montes</u>, No. 105415, slip op. at 1 (May 22, 2008). Although the plaintiff's electronic monitor had been removed and his MSR completed, making the matter moot, the court applied the public interest exception because, pursuant to statute, every convicted felon was required to serve a period of MSR and everyone would be exposed to the possibility of electronic monitoring. Additionally, a great deal of litigation already was underway challenging the use of electronic monitoring during MSR. Therefore, there was a likelihood that this precise issue would, and did, recur. <u>Holly v. Montes</u>, No. 105415, slip op. at 2 (May 22, 2008).

Unlike <u>Holly</u>, even if we could examine the underlying argument in the plaintiff's argument, that the Governor created IRMI as a new agency within the Department beyond the scope of this constitutional authority, the key to resolving that question is rooted in the details of the language of the executive order, the agency to which it is directed, the nature of the directive, the language of the line item in the appropriation bill, and the existence of any enabling legislation as applicable to issue facts and circumstances of this case. Our analysis is therefore limited to those situations involving the language of these executive orders which purportedly create a new executive agency, the

statutory purpose of the Department, and the language of the line item in the appropriation bill which purportedly is unconstitutionally vague, among other things. There is no indication in this record that the Governor has or intends to use executive orders in the future to create another new agency within the Department for the same purpose as in this case. Therefore, there is little likelihood that the precise circumstances that gave rise to the plaintiff's instant complaint would recur, requiring us to intervene.

Moreover, we have recently said that even if future litigants may be affected by a similar issue, it may be best addressed "at a later date, in the context of an actual controversy, when charges are pending and when effectual relief can be granted." Hanna v. City of Chicago, 382 Ill. App. 3d 672, 684, 887 N.E.2d 856, 866 (2008), citing Sharma v. Zollar, 265 Ill. App. 3d 1022, 1029, 638 N.E.2d 736, 741 (1994).

For the foregoing reasons, we affirm the ruling of the circuit court of Cook County.

Affirmed.

THEIS and QUINN, JJ., concur.